UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. EDWARDS,<br><br>      Plaintiff,<br><br>   vs.<br><br>D. SMITH, et al.,<br><br>      Defendants. | 1:20-cv-01822-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 8.)** |

On March 23, 2022, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 8.) Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff seeks counsel because he suffers from schizophrenia and a disability that makes it difficult for him to read, write, and/or understand material regarding his case. This does not make Plaintiff's case exceptional under the law. At this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's First Amended Complaint awaits the court's screening required under 28 U.S.C. § 1915. Thus, to date the court has not found any cognizable claims in Plaintiff's complaint for which to initiate service of process, and no other parties have yet appeared. The legal issue in this case, whether defendants used excessive force against Plaintiff, is not complex. Moreover, based on a review of the record in this case, the court finds that Plaintiff can adequately articulate his claims. Therefore, Plaintiff's motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings..

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for appointment of counsel, filed on March 23, 2022, is denied without prejudice.

IT IS SO ORDERED.

Dated:   **May 9, 2022**              **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE