# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. EDWARDS,<br><br>       Plaintiff,<br><br>   vs.<br><br>D. SMITH,<br><br>       Defendants. | 1:20-cv-01822-GSA-PC<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>**AND**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE PROCEED ONLY AGAINST DEFENDANT DON SMITH WITH PLAINTIFF'S EXCESSIVE FORCE CLAIM, AND THAT ALL OTHER CLAIMS BE DISMISSED FOR FAILURE TO STATE A CLAIM**<br><br>**OBJECTIONS DUE ON OR BEFORE <u>APRIL 25, 2023</u>** |

## I.     BACKGROUND

Charles A. Edwards ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  On December 28, 2020, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On March 25, 2022, the Court dismissed the Complaint for failure to state a claim, with leave to amend.  (ECF No. 9.) On April 11, 2022, Plaintiff filed the First Amended Complaint.  (ECF No. 10.)  On April 13, 2022, Plaintiff lodged a First Amended Complaint (ECF No. 11), which was stricken by the Court on June 8, 2022, for attempting to add information piecemeal to the complaint in violation of Local Rule 220, with leave to file a Second Amended Complaint complete in itself.  (ECF No.

13.) On June 17, 2022, Plaintiff filed the Second Amended Complaint, (ECF No. 14), which was stricken by the Court for lack of Plaintiff's signature, (ECF No. 15). On July 1, 2022, Plaintiff filed the Second Amended Complaint, bearing his signature, which is now before the Court for screening. 28 U.S.C. § 1915. (ECF No. 16.)

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.    ALLEGATIONS IN SECOND AMENDED COMPLAINT

Plaintiff is currently incarcerated at California State Prison-Sacramento in Represa, California. The events at issue in the Second Amended Complaint allegedly occurred at Kern

Valley State Prison in Delano, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as the sole defendant Correctional Officer Don Smith.

Plaintiff's allegations follow:

Plaintiff alleges in the Second Amended Complaint that he came out for an injection at 8:00 p.m., (date of incident not stated), and as he walked into the day room he was pepper-sprayed and slammed to the ground. In Plaintiff's original complaint he states that this incident occurred on May 31, 2020, and also states in the same complaint that it occurred on May 30, 2020 (ECF No. 1 at 3 & 8.) He was then handcuffed and placed in a rotunda cage. Plaintiff was not decontaminated by staff. He was told not to make a statement then escorted to his cell for 45 minutes. He was told at 9:00 p.m. that he needed to go up front. Plaintiff alleges that he stated all of the facts, and everything is in the report.

As relief, Plaintiff requests settlement of this case.

## IV.     PLAINTIFF'S CLAIMS

### A.     Section 42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law

///

amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or other federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Id. (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B.    Excessive Force – Eighth Amendment Claim

"After conviction, the Eighth Amendment serves as the primary source of substantive protection. . . in cases. . . . where the deliberate use of force is challenged as excessive and unjustified." Graham, 490 U.S. at 395 n.10 (citing Whitley v. Albers, 475 U.S. 312, 327 (1986)); Hawkins v. Comparet-Cassani, 251 F.3d 1230, 1238 (9th Cir. 2001); Dennis v. Thurman, 959 F.Supp. 1253, 1257 n.1 (C.D. Cal. 1997).

What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always

violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Although the Second Amended Complaint is very brief on the facts, the Court does find that Plaintiff's allegations against Defendant C/O Don Smith for use of excessive force in the Second Amended Complaint are sufficient to state a claim.

### C.   Failure to Decontaminate – Eighth Amendment Claim

The failure to decontaminate or otherwise assist a prisoner suffering from the painful effects of pepper spray may support a claim under the Eighth Amendment.

An Eighth Amendment deliberate indifference claim based on a medical need has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976). A medical need is sufficiently serious "if the failure to treat

the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). In order to be actionable, the indifference to a prisoner's medical needs must be substantial; mere indifference, negligence, or medical malpractice will not support this cause of action. See Estelle, 429 U.S. at 105-06); Whitley, 475 U.S. at 319; Toguchi, 391 F.3d at 1057; McGuckin, 974 F.2d at 1059.

Plaintiff's allegations in his claim for failure to decontaminate are insufficient to state a cognizable claim against defendant Smith. Plaintiff has not named an individual defendant who personally acted to deny him the opportunity to decontaminate, or prevented him from decontaminating. Instead, Plaintiff merely alleges that he "did not get decontaminated by 'staff.'" (ECF No. 16 at 4.) To state a § 1983 claim, Plaintiff must **name** an **individual** defendant and allege facts showing personal conduct by the named defendant who is claimed to have violated Plaintiff's constitutional or other federal rights. Plaintiff has not done so.

Therefore, Plaintiff fails to state a claim for failure to decontaminate.

## V.     CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff's Second Amended Complaint states a cognizable claim against Defendant Don Smith for use of excessive force in violation of the Eighth Amendment, but no other cognizable claims.

In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed three complaint and has only alleged a claim against Defendant Don Smith for use of excessive force. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore

further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of Court randomly assign a United States District Judge to this case;

**AND**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this case proceed only against Defendant C/O Don Smith for use of excessive force in violation of the Eighth Amendment;
2. All other claims be dismissed for failure to state a claim upon which relief may be granted under § 1983, without leave to amend; and
3. This case be referred back to the Magistrate Judge for further proceedings, including initiation of service of process.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **On or before April 25, 2023**, Plaintiff may file written objections to the findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 3, 2023**                       **/s/ Gary S. Austin**
                                                                      UNITED STATES MAGISTRATE JUDGE