1

2

3

4

5

6

7                     UNITED STATES DISTRICT COURT

8                 FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    CHARLES A. EDWARDS,                    No.  1:20-cv-01822 GSA (PC)

11                    Plaintiff,              SCREENING ORDER (FOURTH AMENDED
                                              COMPLAINT)
12         v.
                                              ECF No. 25
13    D. SMITH,
                                              ORDER DIRECTING PLAINTIFF TO SHOW
14                    Defendant.              CAUSE WHY THIS MATTER SHOULD NOT
                                              BE DISMISSED FOR FAILURE TO STATE A
15                                            CLAIM

16                                            PLAINTIFF'S SHOWING OF CAUSE, OR IN
                                              THE ALTERNATIVE, THE FILING OF A
17                                            FIFTH AMENDED COMPLAINT DUE IN
                                              THIRTY DAYS
18

19
          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil
20
rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States
21
Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
22
          Before this Court is Plaintiff's fourth amended complaint ("4th AC").  For the reasons
23
stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed for
24
failure to state a claim upon which relief may be granted.  As an alternative to filing the showing
25
of cause, Plaintiff may file a fifth amended complaint that complies with the Court's directions
26
herein and with all previously issued orders related to amending a complaint.
27
          I.    RELEVANT FACTS
28
                                              1

1    On October 10, 2024, the Court screened Plaintiff's third amended complaint.  ECF No.

2    24.  The screening found the TAC to be deficient.  As a result, Plaintiff was given a final

3    opportunity to amend.  See id.  He was given thirty days to do so.  Id. at 6.

4    II.    PLAINTIFF'S FOURTH AMENDED COMPLAINT

5    On October 24, 2024, Plaintiff's 4th AC was docketed.  ECF No. 25.  In it, he alleges that

6    Defendant Don Smith and Defendant Lirio, both employees at Kern Valley State Prison, violated

7    his constitutional rights when they:  (1) did not decontaminate him after he had been pepper

8    sprayed, and (2) used excessive force to restrain him.  ECF No. 25 at 3-4.  As a result, Plaintiff

9    asserts his eyes and his entire body were left in terrible pain and he had a hard time seeing.  Id. at

10   4.  He seeks $100,000.00 in damages.  Id.

11   III.   APPLICABLE LAW

12   A. Deliberate Indifference to Serious Medical Need

13   "[T]he government has an obligation to provide medical care for those whom it punishes

14   by incarceration."  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (brackets

15   added) (citing Estelle v. Gamble, 429 U.S. 97 (1976)).  To state a viable claim of deliberate

16   indifference to serious medical need, a plaintiff must show that:  (1) a serious medical need exists,

17   and (2) defendant's response was deliberately indifferent.  Serious medical need can be shown by

18   demonstrating that a failure to treat a prisoner could result in significant injury or worsening pain.

19   Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  A deliberately indifferent response can be

20   shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need

21   coupled with harm caused by that indifference.  Id.

22   B. Excessive Force

23   "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places

24   restraints on prison officials, who may not . . . use excessive physical force against prisoners."

25   Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)).

26   "[W]henever prison officials stand accused of using excessive physical force in violation of the

27   [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith

28   effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson,

1    503 U.S. at 6-7 (brackets added) (referencing <u>Whitley v. Albers</u>, 475 U.S. 312 (1986)).  Under the

2    Eighth Amendment, a court looks for malicious and sadistic force, not merely objectively

3    unreasonable force.  <u>Clement v. Gomez</u>, 298 F.3d 898, 903 (9th Cir. 2002).

4         III.   <u>DISCUSSION</u>

5         A review of the 4th AC indicates that Plaintiff has raised potentially viable Eighth

6    Amendment excessive force and deliberate indifference to serious medical need claims against

7    Defendants Smith and Liro.  However, glaringly absent from the pleading are the dates when

8    these incidents occurred.  <u>See</u> generally ECF No. 25.  Without the dates of the incidents, the

9    Court is unable to determine if the claims are timely and are sufficiently related.  In addition,

10   were the 4th AC to be served without this information, Defendants would be at a disadvantage

11   because, amongst other things, they might be unable to determine when the events alleged

12   occurred and/or whether the grievance process related to them was completed by Plaintiff.

13        In the Court's last scheduling order, Plaintiff was instructed that it would be the <u>last</u> time

14   that he would be granted leave to amend.  <u>See</u> ECF No. 24 at 6.  To date, Plaintiff has been given

15   more than ample opportunity to file a viable complaint.  Despite this fact, thus far, he has failed to

16   do so.

17        However, given that:  (1) Plaintiff states that he has mental health issues (<u>see</u> ECF No. 25

18   at 2 ); (2) the 4th AC does potentially raise viable claims against Defendants, and (3) the only fact

19   at issue in the 4th AC is when the events in question occurred, instead of recommending outright

20   dismissal of this matter, Plaintiff will first be ordered to show cause why it should not be

21   dismissed, or, in the alternative to filing the showing of cause, Plaintiff may file a fifth amended

22   complaint to fix the aforementioned deficiency.

23        Accordingly, IT IS HEREBY ORDERED that:

24        1.  The Clerk of Court shall send Plaintiff a copy of the Court's Civil Rights Complaint

25   By a Prisoner form;

26        2.  Plaintiff is ordered to SHOW CAUSE why this matter should not be dismissed for

27   failure to state a claim; or,

28        3.  As an alternative to filing the showing of cause, Plaintiff may file a fifth amended

1   complaint which cures the deficiency identified in this order, and

2         4.  Plaintiff shall have thirty days to take either course of action.

3       **Plaintiff is cautioned that failure to comply with this order within the time allotted**

4   **may result in a recommendation that this action be dismissed.**

5

6

7   IT IS SO ORDERED.

8       Dated:   **January 2, 2025**            **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28