UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. EDWARDS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>D. SMITH, et al.,<br><br>　　　　Defendants. | No.  1:20-cv-01822 JLT GSA (PC)<br><br>SCREENING ORDER (FIFTH AMENDED COMPLAINT)<br><br>(ECF No. 27) |

　　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Before this Court is Plaintiff's fifth amended complaint ("5th AC").  ECF No. 27.  For the reasons stated below, the Court will order that the 5th AC be served.

　　　I.　　PLAINTIFF'S FIFTH AMENDED COMPLAINT

　　　　On January 23, 2025, Plaintiff's 5th AC was docketed.  ECF No. 27.  In it, although very factually brief, Plaintiff alleges that Defendant Don Smith and Defendant Lirio, both correctional officers employed at Kern Valley State Prison, violated his constitutional rights when, as he was returning to his cell after being taken from it for medication, the Defendants pepper sprayed his whole body and did not decontaminate him afterward.  As a result, Plaintiff states that he was in terrible pain in his eyes and body.  ECF No. 27 at 2.  Id.  Plaintiff seeks $100,000.00 in

1  damages. ECF No. 27 at 5.

2      II.    APPLICABLE LAW

3          A.  Deliberate Indifference to Serious Medical Need

4  "[T]he government has an obligation to provide medical care for those whom it punishes

5  by incarceration." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (brackets

6  added) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). To state a viable claim of deliberate

7  indifference to serious medical need, a plaintiff must show that: (1) a serious medical need exists,

8  and (2) defendant's response was deliberately indifferent. Serious medical need can be shown by

9  demonstrating that a failure to treat a prisoner could result in significant injury or worsening pain.

10  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). A deliberately indifferent response can be

11  shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need

12  coupled with harm caused by that indifference. Id.

13          B.  Excessive Force

14  "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places

15  restraints on prison officials, who may not . . . use excessive physical force against prisoners."

16  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)).

17  "[W]henever prison officials stand accused of using excessive physical force in violation of the

18  [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith

19  effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson,

20  503 U.S. at 6-7 (brackets added) (referencing Whitley v. Albers, 475 U.S. 312 (1986)). Under the

21  Eighth Amendment, a court looks for malicious and sadistic force, not merely objectively

22  unreasonable force. Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002).

23      III.    DISCUSSION

24  A review of the 5th AC indicates that Plaintiff has raised potentially viable Eighth

25  Amendment excessive force and deliberate indifference to serious medical need claims against

26  Defendants Smith and Lirio. However, as in Plaintiff's previously amended complaints, glaringly

27

28

absent from the 5th AC are the dates when the incidents occurred.[1]  See generally ECF No. 27 (5th AC).  Without the date(s) of the incidents, the Court is unable to determine if the claims have been timely filed.

Despite this fact, given that:  (1) Plaintiff has previously stated that he has mental health issues (see ECF No. 25 at 2) (fourth amended complaint); (2) the 5th AC does potentially raise viable claims against Defendants, and (3) the only fact at issue in the 5th AC is when the events in question occurred.  Therefore, the Court will order the matter served.  At that point, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff will be given a final opportunity to amend his complaint to include relevant dates and more detailed facts.

Accordingly, IT IS HEREBY ORDERED that:

1.  In accordance with 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), the Court has screened and found service of the complaint (ECF No. 27) appropriate;

2.  Plaintiff has stated a cognizable Eighth Amendment deliberate indifference to serious medical needs and excessive force claims against Defendant Don Smith and Defendant Lirio, both of whom were correctional officers at Kern Valley State Prison when the incidents in question occurred, and

3.  If Defendants either waive service or are personally served, they are required to reply to the complaint.  42 U.S.C. § 1997e(g)(2).

Under separate order, the Court shall direct that service be initiated on Defendant Don Smith and Defendant Lirio under its E-Service Pilot Program for civil rights cases for the Eastern District of California.

---

[1] Plaintiff's failure to provide the date that the events in question occurred in his amended complaints (see, e.g., ECF Nos. 10, 16, 21, 25) (first, second, third and fourth amended complaints) is confounding.  In Plaintiff's original complaint, he clearly stated that the events in question took place on May 31, 2020.  See ECF No. 1 at 3 (original complaint).  As a result, it is unclear why Plaintiff has failed to provide this date information in the instant 5th AC—and this is despite the fact that in the Court's screening of Plaintiff's 4th AC, Plaintiff was told that the absence of dates made the 4th AC deficient and unable to be served.  See ECF No. 26 at 3-4.

IT IS SO ORDERED.

    Dated: **March 20, 2025**　　　　　　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE